UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROGER and MARGUERITE CARTER, LARRY and MARTHA HORN, DANIEL and LAURA PONGRATZ, and TOM and JULIE MOLL, </br></br>Plaintiffs,</br></br>vs.</br></br>STATE FARM FIRE & CASUALTY COMPANY; DONAN ENGINEERING COMPANY, INC.; AMERICAN STRUCTUREPOINT CONSULTING INC., d/b/a American Structurepoint; KEELER WEBB ASSOCIATES, INC.; and WILLIAM NORMAN,</br></br>Defendants. | )</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>) CAUSE NO.  1:11-cv-1286-RLY-DKL</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

### ENTRY

**Defendant State Farm Fire & Casualty Company's *Motion for Leave to Serve Discovery Instanter* [dkt. 15]**

This Cause comes before the Court on defendant State Farm's motion to serve discovery on the plaintiffs before the parties have conducted their Fed. R. Civ. P. 26(f). Fed. R. Civ. P. 26(d)(1) prohibits any party from seeking discovery from any source before the parties have conferred under Rule 26(f) except in a case exempted from initial disclosures under Rule 26(a)(1)(B) or when authorized by the rules, stipulation, or court order. State Farm seeks a court order allowing its discovery to proceed.

1

State Farm desires to serve four requests for admission on the plaintiffs asking each of them — actually, each of the four couples — to admit that they "do not seek to recover a total monetary amount, including compensatory damages, punitive damages, and attorney's fees, greater than $75,000.00." State Farm also seeks to serve four interrogatories asking each couple to "[i[dentify, by type and amount, any and all losses, damages, or injuries that [the couple] allegedly suffered as a result of State Farm's alleged actions or inactions, as alleged by the Complaint." State Farm argues that it should be permitted to serve this discovery now because (1) there is no good reason to delay resolution of the purely jurisdictional issues, (2) the discovery is limited and narrowly tailored to the purpose of confirming the amount in controversy, and (3) there is no prejudice to the plaintiffs.

There is no good cause to allow an exception to Rule 26(d)(1) in this case. Defendants do not identify the purely jurisdictional issues that require resolution. The discovery is targeted at the amount-in-controversy threshold for diversity jurisdiction, yet in their Notice of Removal [doc. 1], Defendants alleged that "the matter in controversy exceeds the sum or value of $75,000," Notice of Removal ¶ 12; that the "amount in controversy requirement is also plainly satisfied by the damages claimed by Plaintiffs under the Complaint," *id.* ¶ 49; and that "[s]olely for the purposes of this Notice of Removal, and no other, State Farm establishes that the amount in controversy exceeds the minimum of $75,000 based on the allegations of the Complaint," *id.* ¶ 50. In their Notice of

2

Removal, Defendants made a plausible showing that the amount of plaintiffs Tom and Julie Moll's claims are at least $116,464.72, based on the total of compensatory damages of $29,116.18, *id.* ¶ 54, and requested punitive damages under Indiana law of three times the compensatory damages, *id.* ¶ 57. The other plaintiffs also seek compensatory and punitive damages.[1] Defendants have thus satisfied the requirements for removal by showing a plausible basis for diversity and supplemental jurisdiction over Plaintiffs' claims. There is no pending or even indicated challenge to the jurisdiction of the Court. Plaintiffs may move to remand at any time based on the ground of lack of subject-matter jurisdiction, 28 U.S.C. § 1447, and S.D.Ind.L.R. 81.1 requires Plaintiffs, within 28 days of the date of removal, to amend their complaint to affirmatively plead compliance with the amount-in-controversy requirement of diversity jurisdiction. If any defect in jurisdiction is alleged or apparent in the future, State Farm's desire for expedited jurisdictional discovery can be addressed at that time, if it arises before the parties' Rule 26(f) conference.

State Farm's motion is **DENIED**.

Date: 10/17/2011

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

---

[1] For purposes of removal, Defendants only showed a plausible basis for believing that the Molls' claims exceeds $75,000 and then relied on supplemental jurisdiction over the other plaintiffs' claims, 28 U.S.C. § 1367.

Distribution:

Dennis F. Cantrell
CANTRELL, STRENSKI & MEHRINGER, LLP
dcantrell@csmlawfirm.com

Joseph E. Ezzie
BAKER & HOSTETLER LLP
jezzie@bakerlaw.com

Mark A. Johnson
BAKER & HOSTETLER LLP
mjohnson@bakerlaw.com

Michael P Maxwell Jr
CLARK QUINN MOSES SCOTT & GRAHN LLP
mmaxwell@clarkquinnlaw.com

Rand L. McClellan
BAKER & HOSTETLER LLP
rmcclellan@bakerlaw.com

John Mark McKinzie
RILEY BENNETT & EGLOFF LLP
mmckinzie@rbelaw.com

James Piatt
PRICE WAICUKAUSKI & RILEY
jpiatt@price-law.com

William N. Riley
PRICE WAICUKAUSKI & RILEY
wriley@price-law.com

Tara Stapleton Lutes
CANTRELL STRENSKI & MEHRINGER, LLP
tlutes@csmlawfirm.com

Joseph N. Williams
PRICE WAICUKAUSKI & RILEY
jwilliams@price-law.com